UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BEELBY,

                Petitioner,                Case Number 2:12-cv-13659
                                                          Honorable Denise Page Hood

v.

TOM BIRKETT,

                Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR NEW TRIAL [DKT. 14], AND
DENYING MOTION TO EXPAND RECORD [DKT. 15]**

Petitioner Gerald Beelby, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising twelve claims. On March 31, 2014, the Court denied the petition because his claims were without merit or barred from review by his procedural default.

Presently before the Court is Petitioner's motion for new trial pursuant to Federal Rule of Civil Procedure 59, and his motion to expand the record.

Petitioner's motion for new trial is properly construed as a motion to alter or amend judgment pursuant to Rule 59(e), and it may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Rule 7.1(h) requires the movant to demonstrate a palpable defect by which the Court and the parties have been misled and show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972

F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner asserts that an August 13, 2008, letter written by the Texas Innocence Project calls into question the reliability of the forensic evidence regarding the cause and origin of the fire at issue in his trial. The motion fails for several reasons. First, contrary to Petitioner's allegations the letter does not concern the testing done in Petitioner's case but that done by the Texas Fire Marshall's Office. Second, the letter was written two years prior to the date he filed his pro se motion for relief from judgment in the trial court, and he has not demonstrated cause for his failure to present this evidence to the state courts in his post-conviction review proceeding. The Court is barred from considering this evidence that was not presented to the state courts. *Moore v. Mitchell*, 708 F.3d 760, 780-82 (6th Cir. 2013).

Finally, Petitioner has not demonstrated that consideration of this new evidence would result in a different disposition of his habeas petition. See *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007)*; Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004). The Court notes that Petitioner's conviction was supported by strong evidence apart from the forensic analysis. Petitioner told a friend that he was going to burn the house, he was seen immediately before the fire throwing boxes and other items from the house, and shortly thereafter he informed his neighbors to evacuate their house because his was on fire. Setting aside the burn pattern evidence, an arson investigator ruled out the electrical or gas systems as a cause of the fire, and he also ruled out faulty appliances as a cause. Accordingly, even considering the letter, the Court's conclusion that Petitioner is not entitled to habeas relief would stand.

Based upon the foregoing, the Court **DENIES** petitioner's motion for new trial [Dkt. 14] and motion to expand the record [Dkt. 15].

>/s/Denise Page Hood
>DENISE PAGE HOOD
>UNITED STATES DISTRICT JUDGE

Dated:  December 19, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 19, 2014, by electronic means and/or ordinary mail.

>s/Holly A. Monda for LaShawn Saulsberry
>Case Manager